11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Daniel
Lee Flores

Appellant

Vs.                   No.  11-03-00372-CR -- Appeal from Gaines County

State
of Texas

Appellee

 

The jury convicted appellant, Daniel Lee Flores,
of attempted capital murder.  The trial
court assessed his punishment at confinement for life in the Institutional
Division of the Texas Department of Criminal Justice.  The trial court also assessed a fine of
$10,000 and made an affirmative finding that appellant used a deadly weapon
during the commission of the offense. 
Appellant attacks the legal and factual sufficiency of the evidence in a
sole point of error.  We affirm.

The indictment charged appellant with
intentionally and knowingly attempting to cause the death of Darrell Lee Hobbs
by shooting him with a firearm while Hobbs was a Texas peace officer lawfully
discharging an official duty.  See
TEX. PEN. CODE ANN. '
19.03(a)(1) (Vernon Supp. 2004 - 2005). 
In compliance with the elements set out in Section 19.03(a)(1), the
indictment also alleged that appellant knew Officer Hobbs was a Texas peace
officer.  Appellant limits his
suf-ficiency challenges to the evidence supporting the jury=s determination that he knew Officer
Hobbs was a peace officer.

In a legal sufficiency review, we view all of the
evidence in the light most favorable to the verdict and then determine whether
a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979).  In a
factual sufficiency review, we view all of the evidence in a neutral light, and
we will set the verdict aside only if the evidence is so weak that the verdict
is clearly wrong and manifestly unjust or the contrary evidence is so strong
that the standard of proof beyond a reasonable doubt could not have been
met.  Zuniga v. State, 144 S.W.3d
477, 484-85 (Tex.Cr.App.2004).  








Kevin Bagwell, a dispatcher with the Gaines County
Sheriff=s
Department, testified that he received a A9-1-1@ call on the evening of January 26,
2003, reporting that appellant had shot a person in the face.  The call came from a residence located in
Seminole.  Deputy Robert Alvarado of the Gaines
County Sheriff=s
Department and Officer Joe Mendoza of the Seminole Police Department were the
first officers to arrive at the residence. 
Hobbs, an officer with the Seminole Police Department, arrived at the residence
shortly after Deputy Alvarado and Officer Mendoza arrived.         A
camera mounted in Deputy Alvarado=s
patrol unit recorded a large portion of the ensuing dialogue between appellant
and the responding officers as well as a visual depiction of a portion of the
residence.  The video depicts flashing
lights from three patrol units parked at the residence. Deputy Alvarado
testified that he also illuminated the residence with two spotlights mounted on
his patrol unit.  Upon reaching the front
door of the residence, Officer Mendoza knocked and instructed the occupants to A[o]pen up.@[1]  Two females and a male exited the residence a
few moments later.  One of the females, appellant=s mother, informed Deputy Alvarado that
appellant remained inside the residence armed with a firearm.  Officer Mendoza then instructed appellant to
come out of the residence.  Appellant
replied to Officer Mendoza by yelling A[h]old
on@ and A[w]ait
a minute.@  

Officer Mendoza observed appellant inside of the
residence washing his hands.  Appellant
ran to the back of the house when Officer Mendoza called out his name.  Officer Hobbs approached the back door of the
residence in order to speak with appellant. 
Officer Hobbs held his flashlight in front of him with it turned
off.  As Officer Hobbs approached the
back door, appellant shot him at close range with a shotgun striking him in the
arm and chest.  Officer Hobbs required
several surgeries in order to repair his severely injured arm.








Appellant remained inside the residence for three
hours after the shooting.  Officer
Mendoza negotiated with appellant during the standoff in an attempt to persuade
appellant to surrender.  During their
negotiations, appellant asked Officer Mendoza: AIs
the cop I shot, is he going to be okay?@  Appellant also made the following statement
to Mickey Brown, the chief of police of Seminole, during the standoff:  AI
shot Hobbs.  Is he dead?@ 
A search of the residence after appellant=s
arrest led to the discovery of a deceased female, a sawed-off shotgun, and two
spent shotgun shells.

Appellant did not testify at trial.  His trial counsel argued to the jury that
appellant did not know that the person that he shot was a police officer
because it was dark.  Counsel stressed
the fact that Officer Hobbs was wearing a dark coat and that his flashlight was
turned off at the time of the shooting. 
The State countered counsel=s
contentions by arguing that there was sufficient lighting for appellant to have
observed the police officers at the residence and that Officer Hobbs=s jacket had patches which indicated
that he was a police officer.

The Texas Court of Criminal Appeals recently
addressed a similar evidentiary contention in Escamilla v. State, 143
S.W.3d 814 (Tex.Cr.App.2004).  Escamilla
involved the shooting of an off-duty police officer at a nightclub.  Escamilla v. State, supra at 817.  Although the officer was not  on duty, he was wearing a jacket which
displayed the insignias of the Dallas Police Department.  Escamilla v. State, supra at 820.  Several witnesses testified that the officer
was clearly identifiable as a peace officer. 
Escamilla v. State, supra at 818.   With regard to the police officer=s clothing, the Court of Criminal
Appeals concluded that the jury could have reasonably concluded that the
defendant knew that the victim was a police officer based upon the witnesses= testimony that the officer=s status was clearly identifiable based
upon his clothing.  Escamilla v.
State, supra at 820.     As is the situation in this appeal, the
defendant in Escamilla also made statements about shooting a police
officer after the shooting occurred.  Escamilla
v. State, supra at 819.  The
defen-dant argued that the statements did not have any evidentiary significance
because he could have learned of the officer=s
identity after the shooting occurred.  Escamilla
v. State, supra at 820.  The Court of
Criminal Appeals rejected this argument by holding that the jury could have
reasonably inferred that the defendant knew the police officer=s status at the time of the shooting
based upon these statements.  Escamilla
v. State, supra at 820.








The jury in the underlying case was presented with
audio and visual evidence of the residence and the dialogue between the
officers that responded and appellant. 
The testimony and video revealed that, at the time the shooting
occurred, at least three patrol units had responded to the residence with their
overhead lights activated after receiving a call that a shooting had occurred
at the residence.  All of the responding
officers knew appellant, and one of them spoke with appellant prior to the
shooting.  Three persons fled the
residence upon the officers=
arrival.  The jury was presented with
evidence regarding Officer Hobbs=s
clothing and the lighting around the residence. 
The jury also heard testimony regarding comments appellant made after
the shooting pertaining to his knowledge of Officer Hobbs=s status as a peace officer.

Viewing the evidence presented at trial in the
light most favorable to the verdict, the jury could have reasonably inferred
beyond a reasonable doubt that appellant knew that his shooting victim was a
police officer.  See Escamilla v.
State, supra at 820-21.  Viewing all
of the evidence in a neutral light, the evidence is not so weak that the
verdict is clearly wrong and manifestly unjust. 
Furthermore, the contrary evidence is not so strong that the Abeyond a reasonable doubt@ standard of proof could not have been
met.  Appellant=s
sole point of error is overruled.  

The judgment of the trial court is affirmed.

 

W. G. ARNOT, III

CHIEF JUSTICE

 

March 10, 2005

Publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Arnot, C.J., and

Wright,
J., and McCall, J.











     [1]Deputy
Alvarado, Officer Mendoza, and Officer Hobbs each testified that they knew
appellant from previous encounters. 
Officer Hobbs took a report of property damage from appellant as
recently as a month prior to the incident.